[Civ. No. 49725. Second Dist., Div. Four. Dec. 20, 1976.]

SOUNDLITE SYSTEMS, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
BENJAMIN BERKEY, Real Party in Interest.

## COUNSEL

Lessing E. Gold and Morton Schein for Petitioner.

No appearance for Respondent.

Michael Herman for Real Party in Interest.

## OPINION

**KINGSLEY, J.**—The real party in interest is a director of petitioner corporation. On August 28, 1972, petitioner issued to real party in interest its demand promissory note in the amount of $50,000. On February 28, 1973, petitioner issued another demand promissory note, payable to real party in interest, for the additional sum of $50,000.[1] Thereafter, in November of 1975, the corporation arranged to borrow a substantial sum of money from City National Bank. In connection with that negotiation, real party in interest executed and delivered to the bank a subordination agreement, to which petitioner consented. The pertinent portions of that agreement are as follows:

"1. The Undersigned hereby postpones and subordinates any and all indebtedness of Borrower to the Undersigned to any and all indebtedness of Borrower to Bank, and agrees that no payment of or on account of the indebtedness so subordinated shall be made, or any security therefor given, unless and until all indebtedness of Borrower to Bank has been paid in full, and further agrees not to demand, receive or accept any such payment or security. The term 'indebtedness,' as used herein includes any and all obligations and liabilities of Borrower, including interest thereon, whether now or hereafter existing, absolute or contin-

---

[1] The validity of those two notes is not questioned in this proceeding.

gent, secured or unsecured, due or not due, joint or several, and however arising.

"2. Should any payment, distribution or security or proceeds thereof be received by the Undersigned upon or with respect to any indebtedness of Borrower to the Undersigned prior to the satisfaction of all indebtedness of Borrower to Bank, the Undersigned shall forthwith deliver the same to Bank in the form received (except for endorsement or assignment by the Undersigned where required by Bank), for application of any indebtedness of Borrower to Bank, and, until so delivered, the same shall be held in trust by the Undersigned as the property of Bank."

Pursuant to those arrangements, the bank has loaned to petitioner approximately $100,000.[2] On July 15, 1976, real party in interest, having made demand on petitioner for payment of the two $50,000 notes, filed suit to collect them. Real party in interest then sought and, after opposition from petitioner, secured the issuance of a writ of attachment, in the amount of $50,000, running against all of the corporate property. Petitioner seeks from this court a writ of mandamus to vacate that attachment. We issued our alternative writ.[3] The matter has been briefed and argued. We direct the issuance of a peremptory writ as prayed.

I

Since we conclude that, on the facts of this case, the writ of attachment was improperly issued, we need not, and do not, consider the attack made by petitioner of the form of execution of the affidavit for the writ.

II

Section 538.4 of the Code of Civil Procedure requires, among other things, that the trial court, at the statutory hearing on the application for a writ of attachment, determine "whether there is any reasonable probability that the defendant can establish a successful defense to the claim asserted by the plaintiff." ■ The fact that the plaintiff had promised in writing "not to demand, receive or accept" payments on the two $50,000 notes is a defense to the claim. The record before us shows, on uncontradicted evidence, that the obligation of petitioner on those

---

[2]The extent and validity of petitioner's obligation to the bank is not here questioned.

[3]The issuance of our alternative writ determines the procedural propriety of the use, in this case, of a perogative writ. (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 94, p. 3870.)

notes is not presently collectible. The subordination agreement, of which petitioner had notice and to which it formally consented, constituted an agreement by real party in interest, not only with the bank but with petitioner, that the two $50,000 notes, theretofore payable on demand at the sole option of the real party in interest, were, thereafter, payable only after the obligation to the bank had been discharged. It follows that the writ of attachment should not have issued and that it should be quashed and recalled.

Let a peremptory writ issue, directing respondent court to vacate and set aside its order of July 30, 1976, in its case number NW-C-52018, granting the application of the real party in interest for a writ of attachment and to enter a new and different order quashing and recalling any writ of attachment that may have issued pursuant to said order.

Files, P. J., and Dunn, J., concurred.

A petition for a rehearing was denied January 6, 1977.